**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-24463-BLOOM/Elfenbein**

ARTHUR ELK and JODY ELK,

Plaintiffs,

v.

W HOTEL MANAGEMENT, INC., a Foreign Profit Corporation, 2201 COLLINS FEE LLC., a Foreign Corporation, d/b/a W HOTEL SOUTH BEACH, and 2201 COLLINS PROPCO LLC., a Foreign Corporation, d/b/a W HOTEL SOUTH BEACH,

Defendants.
_________________________/

**ORDER ON MOTION TO REMAND**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Remand ("Motion"), ECF No. [13]. Defendant W. Hotel Management filed a Response in Opposition, ECF No. [15], and Plaintiffs filed a Reply, ECF No. [17]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I. DISCUSSION

On June 28, 2026, Defendant filed its Notice of Removal. ECF No. [1]. Plaintiffs now seeks to remand this case back to Eleventh Judicial Circuit on the grounds that Defendant did not timely remove the case. ECF No. [13] ¶ 9. Plaintiffs indicate Defendant was served Plaintiffs' Third Amended Complaint on May 27, 2026. As such, a timely removal under 28 U.S.C. § 1446 required Defendant to remove the case by June 26, 2026. The Third Amended Complaint was the first complaint to name Defendant. In support of their argument Plaintiffs attach a May 27, 2026

e-mail in which counsel for Defendant acknowledged receipt of Plaintiffs' Third Amended Complaint, ECF No. [1-1], and Plaintiffs argue the 30-day period for timely removal begins running when a defendant receives any paper, including an amended pleading, that provides a basis for removal. ECF No. [13] at 4-5. Plaintiffs cite *Atl. Hosp. of Fla., LLC v. Gen. Star Indem. Co.*, No. 09-23661-CIV, 2010 WL 5313493, at *2 (S.D. Fla. Dec. 20, 2010), in which the Court determined that a case became removable when a defendant received notice of the amount in controversy within a plaintiff's response to a motion to dismiss.

Defendant responds that on May 27, 2026, Plaintiffs attempted to file a Third Amended Complaint, but the filing was rejected by the Clerk's office. ECF No. [15] ¶ 8. The Clerk's Office rejected the Third Amended Complaint because Plaintiffs had amended the Complaint twice before. *Id*. As such, on June 3, 2026, Defendant agreed to prepare and submit an order allowing Plaintiffs to amend the Second Amended Complaint. ECF No. [15-5]. On June 8, 2026, the state court entered an agreed order granting Plaintiffs leave not amend and directing them to re-file the Third Amended Complaint. ECF No. [15] ¶ 9. Defendant argues Plaintiffs' interpretation of the removal rules is misguided as they rely upon 28 U.S.C. § 1446(b)(3) which applies when the case stated by the initial pleading is not removalable, whereas here, timely removal is governed by § 1446(b)(1).

The Court agrees with Defendant. This case is analogous to *Romero v. Randle E. Ambulance Serv., Inc.*, No. 08-23179-CIV, 2009 WL 347412, at *2 (S.D. Fla. Feb. 11, 2009), in which the Court determined that an email attaching a nonconformed copy of the complaint does not trigger the 30-day period for timely removal under § 1446(b)(1). Under § 1446(b)(1):

> (b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the

> service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"'[M]ere receipt of the Complaint unattended by any formal service' is insufficient to trigger the start of the 30-day time period." *Harrell v. Bank of Am., N.A.*, 813 Fed. Appx. 397, 399 (11th Cir. 2020) (quoting *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008)). It is uncontested that formal service did not occur in this case; rather, Plaintiffs argue that Defendant waived service. Under Fla. R. Civ. P. 1.070:

> (2) A plaintiff may notify any defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request must:
>
>> (A) be in writing and be addressed directly to the defendant, if an individual, or to an officer or managing or general agent of the defendant or other agent authorized by appointment or law to receive service of process;
>>
>> (B) be dispatched by U.S. certified mail, return receipt requested, or by registered mail as defined by section 1.01, Florida Statutes;
>>
>> (C) be accompanied by a copy of the complaint and identify the court in which it has been filed;
>>
>> (D) inform the defendant of the consequences of compliance and of failure to comply with the request;
>>
>> (E) state the date on which the request is sent;
>>
>> (F) allow the defendant 20 days from the date on which the request is received to return the waiver, or, if the address of the defendant is outside of the United States, 30 days from the date on which it is received to return the waiver; and
>>
>> (G) provide the defendant with an extra copy of the notice and request, including the waiver, and a prepaid means of compliance in writing.

Here, Plaintiffs only allege that they emailed Defendant and Defendant agreed to accept service via e-mail. Moreover, the state court docket reflects that Plaintiffs never filed a return of service or a waiver of service. ECF No. [15-7]. As such, service was not properly waived under Florida

law. Because service was not properly waived, the Court finds Defendant removed this case within the 30-day period set forth in § 1446(b)(1), and Plaintiffs' Motion is denied.

## II. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand**, ECF No. [13]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 24, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record